**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 28, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10019
Conference Calendar

_____

HERMAN LEE CRADDOCK, JR.,

                                        Plaintiff-Appellant,

versus

MELISSA HALVORSON, Registered Nurse; DAWN SPISS; TRACI
RODRIGUEZ; WILLIAM L. HEUSS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:04-CV-212
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Herman Lee Craddock, Jr., Texas prisoner # 624347, has filed

a motion for leave to proceed in forma pauperis (IFP) on appeal.

The district court denied Craddock's motion to appeal IFP and

certified that the appeal was not taken in good faith.  By

moving for IFP, Craddock is challenging the district court's

certification.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir.

1997).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Craddock's motion addresses only his asserted indigent status and does not brief any argument regarding the dismissal of his 42 U.S.C. § 1983 suit as time-barred. Failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Craddock has not shown that the district court's determination that his appeal would be frivolous was incorrect. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Craddock's request for IFP status is denied, and his appeal is dismissed. See Howard v. King, 707 F.2d 215, 219-220 (5th Cir. 1983); 5TH CIR. R. 42.2. Craddock is cautioned that the dismissal of his § 1983 suit by the district court pursuant to 28 U.S.C. § 1915A(b)(1) and our dismissal of this appeal as frivolous both count as strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Craddock is also cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.